**Mikel James DERRICK, Petitioner,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

**Civ. A. No. H–90–2183.**

United States District Court, S.D. Texas, Houston Division.

July 13, 1990.

William E. Gray, Houston, Tex., for petitioner.

Dana E. Parker, Asst. Atty. Gen., Enforcement Div., Austin, Tex., for respondent.

## OPINION

RAINEY, District Judge.

The Petitioner, Mikel James Derrick, ("Derrick"), presented his Petition for Habeas Corpus to this Court on July 9, 1990. A very abbreviated history of this case is appropriate at this juncture. On October 10, 1980, Edward Sonnier was brutally murdered in his apartment in Houston, Texas. In August 1981, while in custody on an unrelated matter, Derrick wrote a letter to the Harris County District Attorney claiming that he had murdered a man to get his car, and offering to give a statement. Derrick made both a written and a tape-recorded confession to the murder. In his confession, Derrick alleged that he killed Sonnier in fending off a homosexual attack. Expert medical testimony revealed that Sonnier had been stabbed approximately 19 times. Sixteen of the stab wounds were independently fatal. The medical testimony showed that the wounds were not inflicted during the course of a fight or altercation.

Based on Derrick's confessions and extensive corroborating evidence, Derrick was convicted of capital murder and sentenced to death following a finding of aggravating circumstances by the jury on January 19, 1982. The Texas Court of Criminal Appeals affirmed the conviction and sentence of death on March 1, 1989. 773 S.W.2d 271. The Texas Court of Criminal Appeals denied leave to file a motion for rehearing on May 10, 1989. The United States Supreme Court denied the petition for certiorari on October 2, 1989. On June

14, 1990, the 208th District Court of Harris County, Texas entered final findings of fact and conclusions of law that recommended the denial of state habeas relief. The Texas Court of Criminal Appeals adopted the trial court's findings and denied habeas relief in a written, unpublished order dated July 2, 1990. On July 9, 1990, Derrick filed this petition for federal habeas relief stating four "grounds" that had been previously appealed through the state habeas process and two additional "grounds" based on the Texas Court of Criminal Appeals review.

None of the "grounds" asserted by Derrick challenge the guilt-innocence stage of the trial proceedings. Only the appropriateness of the death sentence is before this Court on habeas review. Each "ground" for habeas review alleges a broad-based violation of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Derrick asserts in each "ground" that he was denied a fair trial, due process and due course of law, effective assistance of counsel, and is being subjected to cruel and unusual punishment.

This Court will address the "grounds" asserted in the petition for habeas corpus in the order they are presented by the Petitioner.

■ In the first "ground" Derrick alleges that the prosecutor, during voir dire, used an improper hypothetical to explain the definition of "deliberate conduct." The thrust of the argument is that the hypothetical used during voir dire caused the jury to misunderstand the definition of deliberate conduct and thereby reduced the state's burden of proving deliberateness during the punishment phase of the trial. This improper prosecutorial argument is alleged to have so biased the jury as to prevent its returning an impartial and fair decision in the sentencing phase of the trial.

This argument fails for two reasons. First, the voir dire process is used to impanel an impartial jury. That process is monitored by three independent entities: the prosecutor, the defendant, and the court. All three entities must accept each juror before a petit jury can be seated. The record reveals that no objection was entered to the seating of the jury by any of the entities. The law clearly leaves the scope and the conduct of voir dire to the sound discretion of the trial court. *Turner v. Murray*, 476 U.S. 28, 38 n. 12, 106 S.Ct. 1683, 1689 n. 12, 90 L.Ed.2d 27 (1986). Only under extraordinary circumstances does the scope of voir dire have constitutional implications. *Rosales–Lopez v. U.S.*, 451 U.S. 182, 188–190, 101 S.Ct. 1629, 1634–35, 68 L.Ed.2d 22 (1981).

The conduct alleged here fails to state a colorable claim of constitutional significance. In *Boyde v. California*, —— U.S. ——, ——, 110 S.Ct. 1190, 1200, 108 L.Ed.2d 316 (1990), the United States Supreme Court agreed with the California Supreme Court's finding that "although the prosecutor argued that in his view the evidence did not sufficiently mitigate Boyde's conduct, he never suggested that the background and character evidence could not be considered." In *Boyde*, the Court was faced with an allegation of improper prosecutorial argument made during closing arguments of the sentencing phase in a death penalty case. In the case at bar the prosecutor's argument goes to the weight of the evidence, not the question of whether or not the evidence may be considered by the jury. Furthermore, the fact that the argument was made during voir dire, prior to the guilt-innocence phase of the trial, the temporal separation greatly reduces any chance that the prosecutor's argument might have inappropriately affected the jury. *Darden v. Wainwright*, 477 U.S. 168, 183 n. 15, 106 S.Ct. 2464, 2472 n. 15, 91 L.Ed.2d 144 (1986).

The second reason this argument fails is that federal habeas review of this claim is precluded by Texas procedure, which requires contemporaneous objections. The Court of Appeals' decision that this claim was barred on direct appeal by the procedural requirement of contemporaneous objections constitutes a "plain statement" within the meaning of *Harris v. Reid*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989).

■ In his second "ground", Derrick asserts that the prosecutor's explanation of the "voucher rule," during voir dire, served to taint the jury, by implying that portions of the confession entered by the state were true, and all other portions, possibly entered by the defense, were patently false. Because the alleged improper argument occurred at the beginning of the guilt-innocence phase of the trial, the prosecutor's argument had a minimal effect, if any, on the punishment phase of the trial. *Darden,* 477 U.S. at 183 n. 15, 106 S.Ct. at 2472 n. 15. Further, both of the reasons listed for denial of "ground one" above are equally applicable and dispositive of this "ground". Finally, the state trial and appellate courts found that the statements were not inaccurate representations of state law, and were outside the realm of proper trial objection. The seventh finding of the trial court on habeas review, affirmed and adopted by the Court of Criminal Appeals, precludes any finding that the statements could have been prejudicial as a matter of law.

Derrick contends, in his third "ground," that the entire jury selection process was so tainted as to fail the constitutional requirements for impaneling an impartial jury. This Court is profoundly aware that impaneling an impartial jury is essential to due process of law. *Duncan v. Louisiana,* 391 U.S. 145, 156, 88 S.Ct. 1444, 1451, 20 L.Ed.2d 491 (1968). However, this Court cannot find that this jury was somehow tainted by the prosecutor's statements in the face of *Boyde v. California,* — U.S. ——, ——, 110 S.Ct. 1190, 1200, 108 L.Ed.2d 316 (1990). It defies sound reasoning to believe that the statements of the prosecutor in this matter, made during voir dire, somehow would be more prejudicial than an improper closing argument given in the *Boyde* case literally moments prior to the jury's deliberation of the death penalty itself.

■ The arguments made by Derrick in "grounds" one, two and three all must fail on one additional basis. In both the guilt-innocence and punishment phases of Derrick's trial, the Court instructed the jurors that they were the exclusive judges of the facts proven and the credibility and weight of the evidence presented. Jurors must be presumed to follow the instructions they are given. *Richardson v. Marsh,* 481 U.S. 200, 211, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987). The only exception to this presumption is if the defendant can demonstrate "an overwhelming probability" that, under the circumstances, the jurors could not follow the Court's instructions. *Greer v. Miller,* 483 U.S. 756, 766 n. 8, 107 S.Ct. 3102, 3109 n. 8, 97 L.Ed.2d 618 (1987). In the case at bar, Derrick has made no such showing. On state habeas review, both the trial court and the Court of Criminal Appeals, at conclusions five and six, found that the jurors were able to fully and fairly consider all of the evidence provided.

■ Derrick urges in his fourth "ground," that defense counsel's incompetence during cross-examination allowed the State to introduce otherwise inadmissible evidence at trial. In examining the claim of ineffective assistance of counsel, this Court is required to apply the standard of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* adopts a two-pronged analysis. First, this Court must find that counsel's performance fell below an objectively reasonable standard of professional competence; and second, that counsel's conduct was so deficient as to affect the outcome of this trial by actually prejudicing the defense. *Strickland,* 466 U.S. at 691–692, 104 S.Ct. at 2066–67.

■ This Court agrees with the Texas Court of Criminal Appeals that Derrick's claim fails to meet even the first prong of *Strickland.* Counsel's decision to enter the entire unedited transcript of the confession was clearly a tactical decision, because defense counsel had repeatedly attacked the prosecutor's editing of that document. Further, most, if not all of the evidence that Derrick attacks in the habeas request, would have been admissible on other grounds even if defense counsel had not "opened the door" on cross-examination. Under *Strickland,* this Court cannot judge counsel's performance by hindsight.

*Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ In his fifth and sixth "grounds", Derrick attacks the Texas Court of Criminal Appeals' standard of review. In the fifth "ground", Derrick alleges that the Court of Criminal Appeals improperly placed the burden of proof on the defendant under the *Strickland* test. Derrick further alleges, in his sixth "ground", that the Court of Criminal Appeals improperly used hindsight to justify the actions of defense counsel under the *Strickland* test.

These claims are not proper claims for habeas review for two reasons. First, even assuming *arguendo* that the Court of Criminal Appeals applied the incorrect legal standard to one or both claims, Derrick would still not be entitled to relief. Derrick's conviction and sentence cannot be rendered unconstitutional by events that occur on direct appeal. More importantly, however, this Court is required to review the events that led to the conviction and sentencing, not the Court of Criminal Appeals' decision. This Court is convinced that proper legal analysis was used, and agrees with the Texas Court of Criminal Appeals affirmation of both the conviction and sentencing.

For the reasons stated above, this Court denies the Motion for Stay of Execution. Further, this Court denies the Petition for Writ of Habeas Corpus. This Court finds that the legal arguments raised in Derrick's Petition for Writ of Habeas Corpus are constitutionally insignificant, and do not merit the issuance of a certificate of probable cause under rule 22(b), of the Federal Rules of Appellate Procedure. This Court, after considering the pleadings of the parties and issues of law presented, finds that Respondent's Motion for Summary Judgment should be granted. It is hereby

ORDERED, ADJUDGED and DECREED that the Respondent's Motion for Summary Judgment be, and is hereby GRANTED.